UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

STAMP FARMS, L.L.C., *et al.*, [1]                    Case No. DK 12-10410
                                                      Chapter 7
              Debtor.                                 Hon. Scott W. Dales

_____/

SUPPLEMENTAL OPINION REGARDING
RETENTION OF O'KEEFE & ASSOCIATES CONSULTING, LLC


It is a basic tenet of bankruptcy law that (1) prepetition management continues in a chapter 11 proceeding unless the court directs the appointment of a trustee, and (2) with limited exceptions, management (on behalf of a debtor in possession) has the rights and powers, and performs the functions of, a bankruptcy trustee.[2] For good or ill, Congress has made the policy choice to respect a debtor's prepetition selection of management throughout a chapter 11 proceeding, unless the court finds cause or other weighty reasons to displace management by appointing a trustee under Section 1104.

The debtors in possession in these four jointly administered cases (the "Debtors") are limited liability companies.  Under state law, and prior to filing, the members of these companies entrusted their management to O'Keefe & Associates Consulting, L.L.C. ("O'Keefe"), admittedly under extraordinary circumstances involving as yet-unproven allegations of misconduct by prior management.  During yesterday's hearing to consider the United States Trustee's motion to appoint a trustee, the court ruled from the bench

---

[1] The Debtors are: Stamp Farms Trucking, L.L.C. (Case No, 12-10411); Stamp Farms Custom AG, L.L.C. (Case No. 12-10416); and Royal Star Farms, L.L.C. (Case No. 12-10417).
[2] 11 U.S.C. § 1107(a).

that there was no cause or other reason to divest O'Keefe from its management of the Debtors.

During argument on the related issue of whether to grant the Debtors' application to retain O'Keefe as a financial consultant under Section 327(a) (the "Application," DN 125), the court and counsel struggled with the interplay between various Bankruptcy Code sections. Specifically, and at the risk of oversimplifying the United States Trustee's well-crafted argument, the movant argued that because O'Keefe is a statutory "insider" and therefore not "disinterested," the Debtors could not retain that firm to "represent or assist the trustee in carrying out the trustee's duties under this title." *See* 11 U.S.C. § 327(a). However, because the court had just concluded that there was no reason to displace O'Keefe from its management of the Debtors under Section 1104, the argument created a statutory paradox. On the one hand, the United States Trustee did not establish any sufficient reason to depart from Congress's choice to keep prepetition management in place, but on the other hand, according to the United States Trustee, Congress's requirement of disinterestedness precluded existing management from acting.

After considering the supposed paradox while deliberating during the recess, the court concluded that the paradox arises only if existing management were required to retain itself, as a professional, under Section 327(a) in order to continue performing the role it had been performing as manager under applicable state law. After deliberating, the court concluded that O'Keefe's authority to manage the Debtors derived from state law and its prepetition appointment as manager pursuant to the irrevocable proxies admitted into evidence during the hearing. Unlike an attorney or other professional whose authority to act for a debtor does not presumptively continue without court approval,

O'Keefe, as manager, is authorized under the Michigan Limited Liability Company Act, M.C.L. § 440.4402, not just the Bankruptcy Code, to continue its management duties until the court finds a good reason to displace it under Section 1104.  Consequently, the Michigan Limited Liability Company Act supplies the rule of decision, "except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide . . ." 28 U.S.C. § 1652.  Because the court concluded that Section 1104 did not otherwise "require or provide" for displacing O'Keefe as manager, and because there appears to be no additional function or expertise required beyond that which O'Keefe already supplies as manager, the court sees no role for Section 327 to play in authorizing O'Keefe to act on behalf of the estate.  The court is unwilling in one breath to uphold O'Keefe's authority to continue managing the Debtors under Section 1107, and in the next breath eviscerate that authority by disqualifying the firm from performing these same duties under Section 327(a).  The court refused to let the tail wag the dog.

As the court acknowledged in its bench ruling, its conclusion that O'Keefe is management, rather than a professional to be retained under Section 327, requires the parties and the court to consider the manner and procedures governing O'Keefe's compensation. Borrowing the procedures under Fed. R. Bankr. P. 2016 will afford interested parties notice and an opportunity to be heard with respect to proposed payments.  The court will consider procedures for compensating O'Keefe at the hearing set for February 6, 2013, in Kalamazoo, Michigan. Moreover, with respect to O'Keefe's continuing fitness as manager, Section 1104 provides the continuing checks and balances that Congress intended in that respect.

Finally, the court's decision in no way reflects any general conclusion that workout professionals retained by trustees or debtors in possession need not seek appointment under Section 327(a).   Rather, the court simply concludes that, in the unusual circumstances of this case, invoking Section 327(a) is unnecessary and inconsistent with the manager's pre-existing authority, as well as the court's refusal to supplant that authority under Section 1104.

The court intends this Opinion to supplement the oral ruling delivered yesterday from the bench in Grand Rapids, at the conclusion of proofs, in which the court announced its intention to deny the Application as unnecessary.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Application (DN 125) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Michael S. McElwee, Esq., Robert D. Mollhagen, Esq., Diana Psarras, Esq., Steve Jakubowski, Esq., John R. Burns, Esq., Michael R. Stewart, Esq., Wendy K. Walker-Dyes, Esq., Colin F. Dougherty, Esq., the United States Trustee, and all parties who have requested notice in this case.

END OF ORDER

**IT IS SO ORDERED.**

**Dated January 18, 2013**



Scott W. Dales
United States Bankruptcy Judge