UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

STAMP FARMS, L.L.C., *et al.*,[1]                   Case No. DK 12-10410
                                                    Chapter 11
                    Debtor.                         Hon. Scott W. Dales

_____/

OPINION AND ORDER REGARDING
DEBTORS' APPLICATIONS TO EMPLOY VARNUM, LLP

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

Chapter 11 debtor Stamp Farms, L.L.C. and the related debtors in these jointly administered cases (the "Debtors") filed an application to retain Varnum, LLP ("Varnum") as counsel pursuant to 11 U.S.C. § 327(a). The application ("Application," DN 101) drew an objection from the United States Trustee ("Objection," DN 200), who challenged Varnum's disinterestedness based principally on the firm's prepetition relationships with the Debtors' current management, O'Keefe & Associates Consulting, LLC ("O'Keefe"). After hearing argument regarding the Application in Kalamazoo, Michigan on February 6, 2013, the court took the matter under advisement. For the following reasons, the court will grant the Application, over the United States Trustee's objection.

Trustees and debtors in possession may retain counsel of their choice to assist in performing their duties under Title 11, provided the proposed professionals "do not hold or represent an interest adverse to the estate," and are "disinterested persons" as that term is defined

---

[1] The Debtors are: Stamp Farms Trucking, L.L.C. (Case No, 12-10411); Stamp Farms Custom AG, L.L.C. (Case No. 12-10416); and Royal Star Farms, L.L.C. (Case No. 12-10417).

by statute.  *See* 11 U.S.C. §§ 101(14) (defining disinterested) and 327(a) (authorizing employment of professionals).

The in-court representations of Varnum's Mr. McElwee, together with the supporting affidavits, persuade the court that Varnum does not hold an interest adverse to the estate.  For example, Mr. McElwee confirmed that his firm is not a creditor, despite its prepetition representation of the Debtors.  Similarly, although Varnum represented Northstar Grain, LLC ("Northstar") at the commencement of these cases,[2] Varnum filed a notice (DN 318) announcing its resignation from that post.  Because § 327(a) speaks in the present tense, the court regards the resignation as curative.

Having satisfied the first requirement under § 327(a), the question becomes whether Varnum is a "disinterested person," a statutory term with a precise meaning:

> The term "disinterested person" means a person that --
> (A) is not a creditor, an equity security holder, or an insider;
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).  The record clearly establishes that neither subsection (A) nor (B) stands in the way of Varnum's appointment, and the court does not read the United States Trustee's objection as seriously arguing otherwise.  Although Varnum served as counsel to the Debtors prepetition, that relationship without more does not disqualify the firm.  *See* 11 U.S.C. § 1107(b).

---

[2] From the schedules, it would appear that Northstar is both a creditor and an obligor with respect to these estates.

Rather, the United States Trustee argues that the circumstances surrounding Varnum's recruitment of O'Keefe to serve as the Debtors' manager, pursuant to certain irrevocable proxies, taints both Varnum and O'Keefe.[3]

Indeed, like the United States Trustee, the court regards the circumstances of Varnum's relationship with the Debtors immediately before the commencement of these cases as unusual: sometime in late 2012, Varnum became aware of what it regarded as improprieties, questionable accounting, and other practices by the Debtors' former manager, Michael Stamp, and his wife (the "Stamps"). In response, Varnum abruptly resigned as counsel to the Debtors and Northstar. Almost immediately thereafter, the Stamps asked Varnum to resume its representation. Varnum agreed, but attached conditions: it required the Stamps to divorce themselves entirely from the management of their companies and to appoint a professional manager. Varnum recommended O'Keefe, among other professionals, because Varnum had a long-standing relationship with the firm, having served as its counsel in numerous matters over the years. After considering Varnum's recommendation, the Stamps executed the irrevocable proxies that Varnum evidently prepared, installing O'Keefe as manager.

The United States Trustee is troubled by the seemingly cozy prepetition relationship between Varnum and O'Keefe, as well as the potential for adversity between Varnum, on one side, and the Stamps, as equity security holders, on the other.[4]

The definition of disinterestedness disqualifies professionals based upon interests that are "materially adverse" to the estate or any class of creditors or equity security holders. Other

---

[3] The court has already rejected the United States Trustee's challenge to O'Keefe's role in this case when it denied that agency's motion to appoint a trustee under 11 U.S.C. § 1104. *See* Order Denying The United States Trustee's Motion for Appointment of a Trustee (DN 287).

[4] Mr. Stamp also filed for relief under the Bankruptcy Code, and strictly speaking, his bankruptcy estate holds the equity in three of the four Debtors. His wife continues to hold her equity interest in Royal Star Farms, L.L.C.

relationships that do not give rise to material adversity are not disqualifying.  Here, the fact that Varnum may represent O'Keefe in unrelated matters presents no barrier to its appointment in this case.  Because the matters are unrelated to the estates, there is little or no potential for any material adverse interest to arise, and certainly no adverse interest apparent from the present record.

With respect to Varnum's relationship with the Debtors' equity holders, however, the question is a close one given Varnum's report of its reaction to what it perceived as the improprieties of the Stamps —the Debtors' equity security holders.  As noted above, Varnum conditioned its continued representation of the Debtors upon the Stamps' near or practical divestiture and execution of the irrevocable proxies in favor of O'Keefe.  Moreover, as the United States Trustee reported without contradiction, Mr. Stamp's own bankruptcy schedules list a claim against Varnum.  Whether Mr. Tibble, as Mr. Stamp's bankruptcy trustee, regards the claim as having merit and whether he asserts the claim remains to be seen.  The court notes, however, that Mr. Tibble is aware of Varnum's role in these cases but did not object to the appointment. Nor, for that matter, has Mr. Tibble himself suggested that Varnum harbors any hostility to equity security holders.

The mere *possibility* of a claim against counsel, which may, if asserted, give rise to a conflict (or material adverse interest), is not sufficient to deny the Debtors' choice of counsel on the grounds that counsel is not a "disinterested person."  A mere hypothetical conflict does not warrant disqualification.  *See In re Stamford Color Photo, Inc.* 98 B.R. 135 (Bankr. D. Conn. 1989); *In re Greystone Holdings, LLC,* 305 B.R. 456 (Bankr. N.D. Ohio 2003).  To rule otherwise could encourage litigation tactics based on suppositions designed to advance goals other than those embodied in § 327(a).  The court will not lightly interfere with the long-standing

right of litigants, even those in bankruptcy, to retain counsel of their choice. *Stamford Color Photo,* 98 B.R. at 137.

Nevertheless, if future revelations cast doubt on Varnum's disinterestedness, all parties in interest, including the United States Trustee or the Committee,[5] may seek reconsideration of this Order under Rule 9024 or may challenge Varnum's fee petition under *In re Federated Department Stores, Inc.*, 44 F.3d 1310 (6th Cir. 1995), *In re Middleton Arms, Ltd. Partnership*, 934 F.2d 723 (6th Cir. 1991), and similar authorities. Varnum, of course, remains free to oppose any such challenge, as Mr. McElwee suggested in response to the court's questioning on this point at oral argument.

In sum, the court does not find in this record a present, material, adverse interest that Varnum either holds or represents, and the court is similarly satisfied, on the present record, that Varnum is a "disinterested person." Accordingly, the court will approve the Application.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Application (DN 101) is APPROVED and the Objection (DN 200) is OVERRULED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Michael S. McElwee, Esq., Robert D. Mollhagen, Esq., Diana Psarras, Esq., Steve Jakubowski, Esq., John R. Burns, Esq., Michael R. Stewart, Esq., Wendy K. Walker-Dyes, Esq., Colin F. Dougherty, Esq., the United States Trustee, and all parties who have requested notice in this case.

[END OF ORDER]

---

[5] The Creditors' Committee is seeking authority to conduct a wide-ranging investigation of the Debtors' prepetition transactions, which will likely involve scrutinizing Varnum's role.

**IT IS SO ORDERED.**

**Dated February 11, 2013**



Scott W. Dales
United States Bankruptcy Judge